Filed 10/15/24  P. v. Pantoja CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL OROZCO PANTOJA,<br><br>    Defendant and Appellant. | 2d Crim. No. B332190<br>(Super. Ct. No. 2018023903)<br>(Ventura County) |

Manuel Orozco Pantoja appeals from a judgment following a trial at which the jury found him guilty of criminal threats (Pen. Code[1], § 422; count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2), and possession of a firearm in violation of probation (§ 29815, subd. (a); count 3).  As to count 1, the jury found true allegations that a principal was armed with a firearm (§ 12022, subd. (a)(1)) and that appellant personally used a firearm in the commission of the offense (§ 12022.5, subd.

---

[1] Undesignated statutory references are to the Penal Code.

(a)(1)).  Appellant received an aggregate prison sentence of five years.

Appellant contends:  (1) his section 29815 conviction must be reversed because he is subject to section 29800; and (2) section 654 bars punishment under both section 29800 and the section 12022.5 firearm enhancement.  We will reverse appellant's section 29815 conviction and strike the term imposed for that conviction.  We will affirm the judgment as modified.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2018, Jesus Morales and his mother Maria[2] were unloading groceries when appellant, who was Maria's neighbor, approached and started asking Maria questions.  Appellant began arguing and became aggressive with Maria.  Jesus told appellant to leave.

Appellant refused to leave and began arguing with Jesus.  At one point, appellant said he had "something to take [Jesus] out."  Appellant walked inside his house.  Jesus called 911.  Appellant returned with a hunting rifle, which he set on a fence and pointed at Jesus.  Appellant twice stated he was going to take Jesus out.  Jesus told appellant he was calling the police, and appellant returned to his house with his rifle.

When the police arrived, they called for appellant to come outside.  Appellant exited holding a phone.  He was arrested.  A search of his house uncovered a rifle in the attic.

The court sentenced appellant to two years on count 1.  The court struck the attendant section 12022 enhancement but sentenced him to three years on the section 12022.5 enhancement.  As to each of counts 2 (violation of section 29800,

_____

[2] Due to their shared surname, we refer to Jesus and Maria Morales by their first names.  No disrespect is intended.

2

subdivision (a)(1)) and 3 (violation of section 29815, subdivision (a)), the court sentenced appellant to 16 months, to run concurrently.

## DISCUSSION

### *Section 29815 Conviction*

Appellant asserts his section 29815 conviction must be reversed because he is subject to section 29800. The People agree reversal is warranted, as do we.

Section 29815 prohibits possession of a firearm in violation of an express probation condition. (§ 29815, subd. (a).) However, the statute applies only to those who are "not subject to section 29805 or subdivision (a) of Section 29800 . . . ." (*Ibid.*) The jury convicted appellant under section 29800, subdivision (a). Thus, appellant does not come within section 29815, subdivision (a), and that conviction must be reversed.

### *Section 654*

Appellant claims section 654 prohibits punishment under both section 29800 and the section 12022.5 firearm enhancement. We disagree.

"Section 654 precludes multiple punishment for a single act or omission, or an indivisible course of conduct." (*People v. Deloza* (1998) 18 Cal.4th 585, 591.) "'''Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.'''" (*People v. Jackson* (2016) 1 Cal.5th 269, 354.) "A trial court's express or implied determination that two crimes were separate, involving separate objectives, must be upheld on appeal if supported by substantial

3

evidence." (*People v. Brents* (2012) 53 Cal.4th 599, 618.) Section 654's application to undisputed facts "raises a question of law we review de novo." (*People v. Corpening* (2016) 2 Cal.5th 307, 312; *People v. Harrison* (1989) 48 Cal.3d 321, 335 ["Although the question of whether defendant harbored a 'single intent' within the meaning of section 654 is generally a factual one, the applicability of the statute to conceded facts is a question of law"].)

Multiple punishment for firearm possession and use is permitted if "'the evidence shows a possession distinctly antecedent and separate from the primary offense . . . .'" (*People v. Bradford* (1976) 17 Cal.3d 8, 22.) Here, appellant possessed the hunting rifle prior to and separately from using it to threaten Jesus. Appellant's veiled reference to the rifle during the initial confrontation, combined with the prompt retrieval from his house, demonstrates prior possession. Therefore, under either substantial evidence or de novo review, the record supports the conclusion that appellant's prior firearm possession involved an intent and objective separate from appellant's subsequent use of the firearm to threaten Jesus. Section 654 does not apply. (Cf. *People v. Ratcliff* (1990) 223 Cal.App.3d 1401, 1412 [section 654 bars separate punishment for firearm possession by ex-felon if evidence "demonstrates at most that fortuitous circumstances put the firearm in the defendant's hand only at the instant of committing another offense . . ."].)

DISPOSITION

Appellant's conviction on count 3 (§ 29815, subd. (a)) is reversed, and the judgment is modified to strike the 16-month concurrent term imposed for that count. (§ 1260.) The trial court is directed to prepare an amended abstract reflecting these changes and to forward a certified copy of that amended abstract

to the California Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

NOT TO BE PUBLISHED.


CODY, J.

We concur:


GILBERT, P. J.


YEGAN, J.

Paul W. Baelly, Judge
Superior Court County of Ventura

_____

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, and Taylor Nguyen, Deputy Attorney General.